UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-CR-348-MOC-1

| UNITED STATES OF AMERICA, | ) |
|---|---|
| | ) |
| vs. | ) |
| | ) **ORDER** |
| MARVIN TIMOTHY JANKEE, JR., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). See (Doc. No. 43). For the reasons discussed below, Defendant's motion is denied.[1]

## I. BACKGROUND

From April 2012 through September 2012, Drug Enforcement Administration ("DEA") agents met with a cooperator on four different dates to discuss drug trafficking. (Doc. No. 25 at ¶ 10). The cooperator told agents that he purchased 36 kilograms of cocaine from Defendant beginning in 2010. (Id.). The cooperator knew that Defendant sold drugs out of his home and

---

[1] Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, a defendant must first request that BOP file such a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." (Id.). The Government states it has been informed by a representative from the Bureau of Prisons that they have no record of a request to Marianna FCI for compassionate release filed by Defendant or any other person on behalf of Defendant. Defendant attached a letter to his motion written by Defendant's wife to the Marianna FCI warden requesting compassionate release on behalf of Defendant. (Doc. No. 43, Ex. C). Defendant brought this motion more than 30 days following the BOP's July 14, 2020 receipt of the letter requesting compassionate release. Therefore, the Government states that it does not contest the Court's authority to act on Defendant's Motion. 18 U.S.C. § 3582(c)(1)(A).

1

carried a gun during drug deals.  (Id.).  On September 24, 2012, federal agents executed a search warrant at Defendant's home.  Inside the home, agents found two 9mm handguns, a 12-gauge shotgun, a kilogram press, drug wrappers, a money counter, and several cell phones.  (Id. at ¶ 11).

On November 20, 2012, Defendant pleaded guilty and was convicted of conspiracy to possess with the intent to distribute cocaine and possession of a firearm during and in relation to a drug trafficking crime.  (Id. at 1).  Defendant's Final Pre-Sentence Report ("PSR") was issued on February 22, 2013.  (Id.).  According to the PSR, Defendant has prior convictions for simple assault and trafficking in cocaine.  (Id. at ¶¶ 31-32).

Defendant, at age forty-one, is currently incarcerated at Marianna FCI in Marianna, Florida.  Defendant has received medical treatment in the Bureau of Prisons (BOP) during his period of imprisonment.  The BOP provided the Government with Defendant's medical records, which included all of the records provided by Defendant.  According to BOP medical records, Defendant appears to receive medical treatment for hypertension.  (Doc. No. 43-4 at 40).  On November 20, 2019, BOP records reported that Defendant weighed 214 pounds and had a BMI calculation of 32.5.  (BOP Medical Records, Attachment 1, at 1).  Medical staff took Defendant's vitals during an August 6, 2020 appointment.  His blood pressure was 134/89 and his weight was 215.8 pounds. (Id. at 6, 8).

The Centers for Disease Control and Prevention ("CDC") defines any BMI of 30.0 or higher as obese.  See CDC, Defining Adult Overweight and Obesity (June 30, 2020) (available at https://www.cdc.gov/obesity/adult/defining.html.).  The CDC subdivides obesity into three categories of severity based on BMI, with a BMI below 35 falling into the lowest subcategory to meet the obesity definition.  (Id.).

According to BOP records, as of September 22, 2020, Defendant has served seven years, eleven months, and thirty days, which BOP officials calculate as roughly 62.5% of his anticipated

2

statutory term of imprisonment. (Doc. No. 43-8 at 10). Defendant's projected release date with full good time credit is July 6, 2025. (Id.). BOP's website tracking COVID-19 has most recently reported that Marianna FCI has nine confirmed active cases of COVID-19, all of which are among prison staff. See BOP COVID-19 Cases Information, available at https://www.bop.gov/coronavirus/index.jsp (last accessed October 15, 2020).

## II.  DISCUSSION

By its terms, 18 U.S.C. § 3582(c)(1)(A) permits the Court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrants such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." As relevant here, an applicable policy statement provides that the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the Court determines that" (1) "extraordinary and compelling reasons warrant the reduction," (2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and (3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13; see United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020).

The Sentencing Commission's policy statement defines "extraordinary and compelling reasons" to include, as relevant here, certain specified categories of medical conditions. U.S.S.G. § 1B1.13, cmt. n.1(A). For that reason, to state a cognizable basis for a sentence reduction based on a medical condition, a defendant first must establish that his condition falls within one of the categories listed in the policy statement. Those categories include, as particularly relevant here, (i) any terminal illness, and (ii) any "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. 1B1.13, cmt. n.1(A). If a defendant's medical condition does not fall within one of the categories specified in the application

3

note (and no other part of the application note applies), his or her motion must be denied.

The U.S. Department of Justice's position is that a risk factor for COVID-19 identified by the Centers for Disease Control and Prevention ("CDC") qualifies as an "extraordinary and compelling reason" that may warrant compassionate release under Section 3582(c)(1)(A)(i) and Application Note 1(A)(ii)(I) to U.S.S.G. § 1B1.13.  This Defendant's individual circumstances likely demonstrate a "serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  USSG 1B1.13, cmt. n.1(A).  On June 25, 2020, the CDC published a revised list of risk factors for an adverse outcome from COVID-19.[2] According to this list, a body mass index (BMI) over 30 is "within the obese range" and is a condition which creates an increased risk of severe illness from COVID-19.  (Id.).  Further, the CDC lists hypertension or high blood pressure as a condition which "might" increase the risk of severe illness from COVID-19.  (Id.).  The parties agree that Defendant has issues that likely qualify as "extraordinary and compelling reasons" for compassionate release during the COVID-19 pandemic—most notably, his obesity and his hypertension.  The Government argues, however, that Defendant poses a significant danger to the public and the statutory sentencing factors do not weigh in favor of his release.  For the following reasons, the Court agrees.

Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]"  U.S.S.G. § 1B1.13(2).  Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis.  See 18 U.S.C. § 3582(c)(1)(A);

---

[2]  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html

4

United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).  Title 18, United States Code 3553(a) provides, in relevant part, that a sentence should be sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense; to afford adequate deterrence to criminal conduct; and to protect the public from further crimes of the defendant.  18 U.S.C. § 3553(a)(2)(A)-(C).

Though Defendant's motion includes several letters from people speaking positively on his behalf, Defendant is unable to overcome offense conduct that includes 36 kilograms of drug sales as well as multiple firearms and a prior conviction for trafficking the same drug.  Courts have routinely rejected compassionate release motions by defendants with severe health conditions related to COVID-19—which could constitute "extraordinary and compelling reasons" for release—based on the 3553(a) factors for offenses involving drugs and guns.  See United States v. Aruda, 2020 WL 4043496 (D. Haw. July 17, 2020) (denied compassionate release despite a BMI over 30 and poor conditions at prison, upon consideration of 3553(a) factors including prior drug convictions and the remaining time to be served); United States v. Whitner, 2020 WL 4421570, at *3 (W.D. Pa. July 31, 2020) (finding the defendant to suffer from obesity and diabetes, however denying compassionate release for 3553(a) factors that included the serious nature of the inmate's drug trafficking offense and a prior conviction for drug trafficking).

Considering information in the PSR relating to the factors in Section 3142(g), Defendant is a danger to the safety of other persons and the community.  The instant offense involved a conspiracy to traffic at least 36 kilograms of cocaine.  (Doc. No. 25 at ¶ 12).  The cooperator told law enforcement that Defendant carried a firearm during drug deals.  (Id. at ¶ 10).  On September 24, 2012, law enforcement searched Defendant's home and found three firearms, as well as evidence of drug sales.  (Id. at ¶ 11; 18 U.S.C. § 3142(g)(1)).  The danger of Defendant's conduct was even more pronounced by the potentially deadly combination of drugs and firearms.  See

United States v. Manigan, 592 F.3d 621, 630 (4th Cir. 2010) (finding that "drugs and guns form a lethal combination that can lead to violence") (internal quotations and citations committed). The weight of the evidence against Defendant was strong, and he admitted his guilt. (Id. at ¶¶ 5, 9-12; 18 U.S.C. § 3142(g)(2)).

Defendant's criminal history includes prior convictions for assault and drug trafficking, in addition to the dangerous offense that has him incarcerated currently. 18 U.S.C. § 3142(g)(3). Defendant's criminal history began at age 16 with an arrest for a simple assault which resulted in a conviction. (Id. at ¶ 31). Roughly one year and one week later, Defendant, at age seventeen, was arrested for trafficking in cocaine. (Id. at ¶ 32). Defendant was convicted and sentenced in that matter to 35-42 months imprisonment for selling the same controlled substance that led to his conviction in the instant offense. (Id.). The danger to any other person or the community that would be posed by Defendant's release is serious. 18 U.S.C. § 3142(g)(4).

Defendant has only served approximately 96 months of his 180-month sentence. (Doc. No. 43-8, at 10). Releasing Defendant after serving around 62.5% of his statutory term sentence (and only 53.3% of his full term) would result in a sentence that failed to reflect the serious nature of this offense or provide just punishment. 18 U.S.C. § 3553(a)(2)(A). In addition, releasing Defendant would undermine any deterrent effect for this serious offense and for a defendant with multiple drug trafficking convictions. 18 U.S.C. § 3553(a)(2)(B). For all these reasons, the Court will deny Defendant's Motion for Compassionate Release.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release, (Doc. No. 43), is **DENIED**.

Signed: October 19, 2020